**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>DILLE FAMILY TRUST, a California Business Trust,<br><br>    Debtor. | Case No.: 17-24771-JAD<br><br>Chapter 11<br><br>Document No. |

NOWLAN FAMILY TRUST,

    Movant,

vs.

DILLE FAMILY TRUST, a California Business Trust,

    Respondent

**EMERGENCY MOTION OF NOWLAN FAMILY TRUST FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO THE EXTENT THAT THE AUTOMATIC STAY IS APPLICABLE**

The Nowlan Family Trust ("NFT"), by and through its undersigned counsel, files this Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to the Extent that the Automatic Stay is Applicable. In support of this Motion, the NFT respectfully represents as follows:

**I.     INTRODUCTION**

1. This matter involves the NFT's motion for an Order granting the NFT relief from the automatic stay, to the extent applicable, to permit the litigation against the NFT, styled as *The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-06231 in the United States District Court for the Eastern District of Pennsylvania, to proceed concurrently with this matter.

2. On January 15, 2009, the NFT filed an intent-to-use trademark application,[1] Serial No. 77/650,082, for the mark BUCK ROGERS with the United States Patent and Trademark Office (hereinafter "NFT's trademark application").

3. On July 12, 2011, the Dille Family Trust ("DFT" or "Debtor") filed a Notice of Opposition against the NFT's trademark application.

4. On September 25, 2015, the Trademark Trial and Appeal Board issued an order dismissing the DFT's opposition, finding that DFT failed to demonstrate rights in the BUCK ROGERS trademark prior to NFT's filing date.

5. On November 19, 2015, DFT appealed the TTAB's September 25, 2015 order dismissing the DFT's opposition to the United States District Court for the Eastern District of Pennsylvania. *See The Dille Family Trust v. The Nowlan Family Trust,* Civ. No. 15-6231, ECF No. 1 (E.D. Pa. Nov. 19, 2015).

6. On August 31, 2017, the Honorable Wendy Beetlestone issued a Pretrial Scheduling Order, listing a commencement date for trial of February 5, 2018.

7. On November 28, 2017, DFT filed a voluntary Chapter 11 bankruptcy. (*See* ECF No. 1).

8. On November 29, 2017, DFT filed a suggestion of bankruptcy in a matter pending in the United States District Court for the Western District of Pennsylvania, in which DFT was a defendant. *See Team Angry Filmworks, Inc. v. Louise A Geer, as*

---

[1] An intent-to-use trademark application allows an applicant to file for trademark protection if the applicant has not actually used the mark yet in commerce, but can claim that it has a bona fide intention to use the mark in the future. *See* 15 U.S.C. § 1051(b).

*Trustee of the Dille Family Trust*, Civ. No. 15-1381, ECF No. 115, (W.D. Pa. November 29, 2017).

9. On December 11, 2017, counsel for NFT contacted counsel for DFT regarding DFT's voluntary Chapter 11 bankruptcy petition. (Ex. A).

10. On December 14, 2017, counsel for DFT forwarded a letter from DFT's bankruptcy counsel to NFT's counsel. That letter stated, *inter alia*, that:

> As a result of the filing of the Chapter 11 Petition all actions against the Dille Family Trust are subject to the Automatic Stay of section 362(a) of the Bankruptcy Code. This includes proceedings with the litigation currently pending in the United States District Court for the Eastern District of Pennsylvania between the Dille Family Trust and the Newlin [sic] Family Trust.
>
> Actions taken in violation of the Stay are void ab initio. More importantly, actions taken in willful violation of the Stay are subject to sanctions under section 362(k) of the Bankruptcy Code.
>
> Since you are aware of the bankruptcy filing by the Dille Family Trust, any actions to further the litigation in the Eastern District of Pennsylvania would be a willful violation of the Automatic Stay. Accordingly, I trust you will refrain from any such actions.

(Ex. B).

11. Counsel for NFT responded to DFT counsel's letter, clarifying that the action pending in the Eastern District of Pennsylvania was brought by the Dille Family Trust and was not an action "against the debtor." (Ex. C). Counsel for NFT also requested a conference call with DFT's bankruptcy counsel to discuss the posture of the case.

5010431-1

12. Bankruptcy counsel for DFT did not respond to NFT's counsel's request for a conference. As a result, counsel for NFT sought the guidance of Judge Bettlestone, given the imminent trial date. (Ex. D).

13. In response, Judge Bettlestone scheduled a telephone conference call with the parties for December 22, 2017.

14. On December 21, 2017, DFT's counsel informed the Court that he had not been retained by the Bankruptcy Estate, was not able to be retained because of his status as a creditor, and requested the conference call be postponed. (Ex. E).

15. In response, counsel for NFT requested that the conference call proceed as scheduled. (Ex. F).

16. Following DFT's counsel's December 21, 2017 letter in which he represented to the Court that he had not been retained by the Bankruptcy Estate, counsel for DFT filed a motion to transfer venue to the United States Bankruptcy Court for the Western District of Pennsylvania. *See The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-6231, ECF No. 162 (E.D. Pa. December 21, 2017).

17. On December 22, 2017, a telephone conference call was held with Judge Bettlestone. Based on the conference call, it was NFT's understanding that DFT would file a suggestion of bankruptcy and take a position with respect to the automatic stay.

18. On December 22, 2017, a suggestion of bankruptcy was filed, however it did not take a clear position with respect to the automatic stay provisions of 11 U.S.C. § 362. *See The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-6231, ECF No. 164 (E.D. Pa. December 21, 2017).

19. On December 26, 2017, counsel for NFT requested a conference call with counsel for DFT with respect to the absence of a filing regarding an automatic stay. (Ex. G).

20. To date, counsel for NFT has not received a response from DFT's counsel or DFT's bankruptcy counsel. NFT did receive a letter from DFT's counsel's paralegal on December 27, 2017, indicating that counsel for DFT's counsel was unavailable until January 3, 2018 and that their notes from the conference call with Judge Beetlestone did not reflect any promise to update the court on DFT's position regarding the automatic stay. In addition, the DFT paralegal indicated that one of DFT's bankruptcy counsel, Michael Kaminski, is unavailable due to an illness. (Ex. H).

21. It is NFT's position that the automatic stay is not applicable to the matter in the Eastern District of Pennsylvania. Nonetheless, as a precaution, NFT seeks relief from the automatic stay.

## II. LEGAL STANDARD

22. Section 362(a)(1) imposes an automatic stay in civil actions "against the debtor." 11 U.S.C. § 362(a)(1). The statute does not stay actions that were brought by the debtor. *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3d Cir. 1991).

23. Section 362(a)(3) imposes an automatic stay in civil actions "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

24. The automatic stay provisions of 11 U.S.C. § 362(a) do not operate to stay board proceedings when the plaintiff in the board proceeding, rather than the defendant, filed the petition for bankruptcy. Section 510.03 of the Trademark Trial and Appeal Board Manual of Procedure provides that:

> **Bankruptcy**. The Board will issue an order suspending proceedings if it comes to the attention of the Board that the defendant has filed a petition for bankruptcy. Under the automatic stay provisions of Section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362, a petition for bankruptcy (filed under Section 301, 302, or 303 of the Code, 11 U.S.C. § 301, 302, or 303) operates as a stay, inter alia, of the commencement or continuation of judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case. However, **if it is the plaintiff in the Board proceeding, rather than the defendant, who has filed a petition for bankruptcy, the automatic stay provisions do not mandate the suspension of the Board proceeding unless there is a counterclaim in the Board proceeding for cancellation of the plaintiff's registration(s)**. Nonetheless, for good cause shown, the Board may suspend a proceeding based upon a plaintiff's bankruptcy.

9-500 Trademark Trial and Appeal Board Manual of Procedure 510.03 (2017) (emphasis added). (Ex. I).

25. The automatic stay provisions extend to appeals in actions that were originally brought against the debtor, regardless of whether the debtor is the appellant or the appellee. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir. 1982).

## III.  ARGUMENT

26. The automatic stay provision of section 362(a)(1) does not apply to the litigation against the NFT, styled as *The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-06231 in the United States District Court for the Eastern District of Pennsylvania.  The NFT was the defendant in the underlying trademark opposition proceeding.  The NFT is the defendant in the appeal of that decision.  As a result, the litigation styled as *The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-06231 in the United States District Court for the Eastern District of Pennsylvania is not an action against the debtor, DFT, and an automatic stay pursuant to section 362(a)(1) is inapplicable.

27. The underlying trademark opposition proceeding pertains to NFT's intent-to-use trademark application.  NFT's intent-to-use trademark application is not "property of the estate," "property from the estate." NFT's intent-to-use trademark application is property of NFT.  As a result, the litigation styled as *The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-06231 in the United States District Court for the Eastern District of Pennsylvania is not an action "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

28. For at least the above reasons, the automatic stay provisions of section 362(a) do not apply to the litigation styled as *The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-06231 in the United States District Court for the Eastern District of Pennsylvania and that litigation should be allowed to commence as scheduled.

WHEREFORE, the NFT respectfully request that this Court enter an Order granting the NFT relief from the automatic stay, to the extent that the automatic stay is applicable, to continue the litigation styled as *The Dille Family Trust v. The Nowlan Family Trust*, Civ. No. 15-06231 in the United States District Court for the Eastern District of Pennsylvania together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SANTILLÁN LAW FIRM, PC**

/s/ Edgardo D. Santillán
Edgardo D. Santillán, Esquire
PA ID 60030
Santillán Law Firm, P.C.
775 Fourth Street
Beaver, PA 15009
724-770-1040
412-774-2266 fax
ed@santillanlaw.com

**VOLPE and KOENIG, PC**

John J. O'Malley, Esquire
PA ID No. 68222
30 South 17th Street, Suite 1800
Philadelphia, PA 19103
215-568-6400
JOMalley@vklaw.com

Max S. Morgan, Esquire
PA ID No. 316096
830 Bear Tavern Road, Suite 303
Ewing, NJ 08628
609-924-7900
Mmorgan@vklaw.com