IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DILLE FAMILY TRUST, | ) | Bankruptcy No. 17-24771-JAD |
| | ) | |
| Debtor. | ) | Chapter 11 |
| ──────────────────── | X | |

## MEMORANDUM OPINION

It is clear and convincing that the above captioned Chapter 11 case is not making any meaningful progress towards a successful reorganization. In fact, the undisputed record of this case is that while the debtor has been a debtor-in-possession, it

1. Has no business operations;

2. Has no meaningful income;

3. Is liquidating as opposed to reorganizing;

4. Has incurred administrative expenses in the form of professional fees and yet has no liquid assets available to satisfy them;

5. Has incurred administrative expenses in the form of professional fees, yet does not identify them in its monthly financial reports (as the line item for professional fees incurred reflects nothing in each report on file);

6. Has invoked the automatic stay for the primary purpose of

avoiding a trial regarding the debtor's alleged interest in various intellectual property;

7. Has replaced the non-bankruptcy forum litigation costs with the costs associated with the litigation that has consumed this bankruptcy case (namely, whether the debtor is eligible for bankruptcy relief; whether this case was filed in good faith; whether the debtor may sell the disputed assets; and whether the automatic stay should be lifted as to the entities having a competing interest in the disputed property);

8. Has obfuscated lawful discovery requests propounded by litigants who have challenged the debtor's eligibility to be a debtor in bankruptcy, who have challenged the good faith basis of the debtor's commencement of this case (i.e., have contended that the bankruptcy is nothing but a litigation tactic), and who have challenged the debtor's ability to sell the disputed property interests;

9. Has provided affidavits which are evasive or incomplete or misleading in support of defective answers to discovery;

10. Has ignored and/or obfuscated directives of this Court to produce documents responsive to lawful discovery requests and has provided no convincing arguments excusing such failures;

11. Has improperly and without appropriate excuse withheld documents responsive to discovery requests;

12. Cavalierly claimed that its woefully inadequate responses to discovery were "un-important" or "no big deal" or something to that effect, despite the fact that the debtor is a fiduciary, has a duty to answer discovery and despite the

      fact that the debtor bears the burden of proving that its bankruptcy case is one that has been filed and prosecuted in good faith;

13. Is unable to pay a monetary sanction as a result of its failure to answer lawful discovery as the debtor has no liquid assets;

14. Has not demonstrated to the Court and has not convinced the Court that the debtor's contumacious failure to respond to discovery requests will cease;

15. Despite the fact that it acknowledged the existence of the ownership dispute(s) as to intellectual property rights at issue in this case, has improperly sought to pursue a "free and clear" sale of the disputed or alleged rights only to be "corrected" once the Court and certain parties-in-interest questioned the legitimacy of such efforts;

16. Has listed on the internet various assets for sale without first obtaining prior approval of this Court;

17. Has consulted or utilized the services of counsel (Mr. Herrman) who has not been retained by an order of this Court, and who may have a conflict of interest (as his firm is an alleged pre-petition creditor and his spouse is both an alleged trustee of the Dille Family Trust and owner of a related entity that is alleged to have entered into a licensing agreement with the debtor); and

18. Admitted that the beneficiaries of the debtor-trust are deadlocked, and one 50% beneficiary received no notice and did not consent to the filing of the instant bankruptcy.

In light of all of the circumstances of this case, the record is clear

and convincing that "cause" supports the appointment of a Chapter 11 Trustee in this case pursuant to 11 U.S.C. §§ 1104(a)(1) and (a)(2).

Such appointment is not only appropriate given the aforementioned items of "cause," it is also appropriate given the acrimony and pervasive litigation that has consumed this case. See e.g. In re Marvel Entertainment Group, Inc., 140 F.3d 463 (3d Cir. 1998)(appointment appropriate given high level of acrimony).

In rendering its decision directing the appointment of a Chapter 11 Trustee, the Court duly considered the debtor's suggestion that an examiner be appointed in lieu of the appointment of a trustee.

However, it is unlikely that the costs associated with the appointment of an examiner would be any less than that of a trustee. In addition, an examiner's investigation will do nothing but further add an element of delay to this case. Moreover, an examiner lacks the requisite powers and duties of management, which is necessary to move this case forward in a Chapter 11.

Finally, the primary litigants in this case support the appointment of a Chapter 11 Trustee, even noting that such

appointment could have the salutary effect of promoting the possibility of settlement for the benefit of all constituencies.

For all of these reasons, an Order shall be entered that directs the Office of the U.S. Trustee to immediately appoint a Chapter 11 Trustee.

SO ORDERED this 25th day of July, 2018.

_____  sjk
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

cc: Michael Kaminski, Esq.
Aurelious Robleto, Esq.
Edgardo Santillan, Esq.
Office of the U.S. Trustee

FILED
7/25/18 7:48 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA